Per Curiam.

The promise of the defendants was not within ' the statute of frauds. It had no immediate connexion with the i original contract, but was founded on a new and distinct considera- I tion. The distinction noticed in Leonard v. Vredenbergh (8 Johns. Rep. 39.) applies to this case, and takes it out of the statute. The defendants made the promise in consideration of a sale of lands made to them by Aaron Wood; and they assumed to pay the debt of the plaintiffs, as being, by arrangement with Wood, part payment of the purchase-money.
Here was a valid assumption of the debt of Aaron Wood, and the only inquiry is as to the extent of the promise.
It was made jointly to Gold and Sill; and the evidence will not warrant the application of the promise to the debts of Gold and Sill in their separate and individual character.
The plaintiffs are, accordingly, entitled to judgment in the first suit, and the defendants in the second suit.
Judgment accordingly.