## ELLWOOD *vs.* MONK.

Where A. in consideration of property transferred and delivered to him by B. promises to pay and discharge, amongst other *creditors* of B. *named* and specified at the time, the demand or claim of C. against B. on certain notes held by him, an action will lie by C. against A. although the promise of A. is not reduced to *writing*.

DEMURRER to plea. The declaration in this case contains several special counts in *assumpsit*; the *second* count sets forth three several promissory notes made by one *Johannes Monk* to the plaintiff, each for a quantity of hemlock boards

UTICA,
July, 1830.

Ellwood
v.
Monk.

dated in November, 1819, and payable in January, 1822, 1823 and 1824. It is then averred that on 1st January, 1823, the defendant, *Jacob Monk*, in consideration that *Johannes Monk* then and there, to wit, at the place mentioned in the declaration, gave and delivered to him a large portion of property of great value, to wit, of the value of $500, undertook and faithfully promised to pay and discharge,. amongst other creditors of the said Johannes then and there named and specified, the demand or claim of the plaintiff against the said Johannes arising from the said notes. Then follows an averment that on the 1st January, 1823, Johannes Monk was indebted to the plaintiff in the sum of $300, and that the plaintiff, confiding in the promise of the defendant, stayed all proceedings and the collection of his debt against Johannes Monk, whereof the defendant had notice; whereby the defendant became liable to pay, &c. The defendant pleaded, 1. The general issue; 2. The statute of limitations; and 3. The statute of frauds; averring that the action is brought for the debt of *Johannes Monk*, and that the promise of the defendant is *not* in writing. The plaintiff replied to the second plea *assumpsit infra*, &c. and demurred to the third plea, assigning as a special cause that it is inconsistent with the second plea.

*C. P. Kirkland*, for the plaintiff.

*M. T. Reynolds*, for the defendant.

*By the Court*, MARCY, J. The third plea is clearly bad, because it sets up as a defence a fact which the plaintiff must have proved if the defendant had pleaded the general issue; but an objection to a special plea, because it amounts to the general issue and no more, cannot prevail unless it be specially assigned as cause of demurrer. The plaintiff, not having the right to insist upon this objection, the plea is good, unless the contract set forth in the declaration is a valid contract without being in writing. If the plea does not answer all the counts where it professes to do so, the demurrer to it must be adjudged to be well taken. I think some of the counts, particularly the second, set forth a contract which is

obligatory on the defendant, without being reduced to writing. The promise in this count is to pay the debt of a third person, but yet it is not within the statute of frauds, being made upon a new and distinct consideration. Most if not all of the cases in relation to this point which have arisen under the statute of frauds, as well in England as here, were fully considered by the chief justice in *Farley* v. *Cleveland*, 4 *Cowen*, 432, and the principle above laid down firmly established. It is expressly averred in this count of the declaration, that in consideration of the property sold and delivered to him, the defendant promised to pay certain specified debts of Johannes Monk, of which the debt due to the plaintiff was one. If the promise had been to pay the demand due to the plaintiff alone, in consideration of property assigned and delivered to the defendant by the debtor, I think no doubt as to the validity of the promise could have been raised ; and I do not perceive that the promise is less available to the plaintiff because at the same time the defendant made a promise to pay other debts of Johannes Monk.

We give no opinion as to the validity of the verbal promise to pay all the debts of Johannes Monk, without any designation thereof, in consideration of the transfer of the property to the defendant.

Judgment for plaintiff.