Whitehead, J.
It is not necessary to the decision of this cause, that we should express an opinion upon the question, whether under the 14th section of the statute of frauds Elm. Dig. 216, the consideration for the promise, as well as the promise itself must be in writing, in order to bind a guarantor. Admitting the English construction of this section, that the term agreement includes both the promise and consideration, and that both must be in writing to take the case out of the statute, which however is denied by some of the courts in this country, the plaintiff is nevertheless entitled to recover. The consideration for the defendant’s promise, in this case, can be fairly inferred from his letter to the plaintiff. We are not in this respect left to mere conjecture. He writes that Freeman and Williams the original debtors had sold to him their stock of goods in New Orleans, and “ I intend to job off the stock at the least possible expense, and hope to make considerable out of it. My intention is to make the most of it for the creditors, and you may consider me as security and endorser for the amount owing you, by I. P. Freeman & Co.”
The consideration of the defendant’s engagement or guaranty, although not stated in express terms, may fairly be inferred to be the sale of their stock of goods to him. This has been repeatedly adjudged to bo sufficient. See cases collected in 2d Saund. on pl. and ev. 548. It does not invalidate the defendant’s engagement in this case, that the original debtors remain liable. Farley v. Cleveland, 4 Cowen Rep. 432. Nor does it affect the liability of the defendant that the consideration, which moved him to make the promise, was received from the original debtors and not from the plaintiff. It is sufficient “ if it spring out of any new transaction, or move to the party promising upon some fresh and substantial ground of a personal concern to himself.” Roberts on Frauds 232, 4 Cowen Rap. 432, and the cases there cited, Ellwood v Monk, 5 Wendell 235.
*340 In my opinion, the circuit court of Middlesex should be advised that the defendant is liable upon his guaranty.
Randolph, J.
This cause comes before us, on a case agreed upon by the parties and certified by the Chief Justice, from the Middlesex circuit; and the only point for consideration is, whether the defendant, in his letter to the plaintiff respecting the affairs of I. P. Freeman & Co., has rendered himself liable, under the statute of frauds, for a debt due from that firm to the plaintiff. The rule is well settled by the English cases, that a promise or agreement to answer for the debt, default or miscarriage of a third person, must be by writing, containing the consideration of the promise or agreement. Chitty on Contracts 409, note 2, and cases cited, Wain v. Warlter, 5 East. 10 and 4 B. and A. 595. The courts in Massachusetts, Maine and Connecticut, seem to entertain a different rule, as would also appear to be the case in this state so far as 2 South 570 goes. But it has never.been held that the consideration must be expressly stated in the memorandum or agreement; if it can be collected from it or clearly inferred it is sufficient; Chitty on Contracts 411 and cases cited, 10 Wend, R. 218, 5 Wheeler Am. com. law 505, title Guarantee, 1 Bing. 216, 8 Eng. com. law R. The defendant’s letter manifestly discloses a state of facts, calculated to be a benefit to the party promising, and if the promise was not fulfilled, an injury to the promisee, either of which constitutes a valuable consideration; Com. Dig. action on the case in Assumpsit B. 11. Judgment should therefore be rendered in favor of the plaintiff.
Circuit Court advised to render judgment for the plaintiff.
Hobnbloweb, C. J. and Nevius, J. concurred; Cabpenteb, J. did not hear the argument and gave no opinion.