Frost J.
delivered the opinion of the Court.
The statute of frauds enacts, “that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person,” unless the agreement shall be in writing. The intention of the statute seems to have been most regarded, when it was held, that, in determining whether a case was within it, the proper consideration is, whether it be or be not a promise to answer for the debt of another; for if it be, though upon anew consideration, it is within the statute. Bull. N. P. 281. Williams v. Leper, 3 Burr. 1889, is the first leading case which transgressed this well defined construction. One Taylor, tenant of the plain *6 tiff, being in debt to the plaintiff three quarters rent, and being insolvent, assigned his effects for the benefit of his creditors—• Loper, the defendant, was the broker employed to sell them. On the day of sale, the plaintiff came to distrain; and the defendant, being notified of his intention, promised to pay the rent if the plaintiff would not distrain. The promise was held to be not within the statute. Lord Mansfield put the case on the ground, that the landlord had the pledge in his custody—that Loper was a trustee for all the creditors, and was obliged to pay the landlord, who had a prior lien; and it would bo a fraud if he did not. Wilmot J. held, that Loper became, by the possession of the goods, and his promise, the bailiff of the plaintiff; and when he sold the goods the money was his landlord’s, in his own bailiff’s hands; and that an action for money had and received would lie. The specious reasoning, by which the auctioneer was converted into the bailiff of the landlord, by force of his promise, was overlooked in the subsequent cases; and from this case has been deduced the general principle, that when a plaintiff has a lien on goods for a debt due by a third person, and the defendant, in consideration that the plaintiff would relinquish his lien, promises to pay the debt, the promise is not within the statute. Goodman v. Chase, 1 Barn. and Ald., 303, Marcion v. Andrews & Mack, 10 J. R. 461; Dunlap v. Thorne, 2 Rich. 268. These cases have plainly introduced an exception to the provisions of the statute, and have too long been recognized to be now disturbed; but it is not expedient to widen the breach. No case has been cited to shew that a promise to pay the debt of a third person, in consideration that the plaintiff would delay proceeding for its recovery, either by suit or execution, is not within the statute. In Fisk v. Hutchinson, 1 Wils. 94, a promise, in consideration that the plaintiff would stay suit» was held to be within the statute. King v. Wilson, 2 Strange 893, is to the same effect. In this state, a stay of execution operates no relinquishment of the plaintiff’s lien, nor even a delay of payment if a junior execution is enforced. It is at most a suspension, and not a release or surrender of any lien. To hold that a promise, in consideration of the plaintiff’s forbearing *7 to proceed on his execution, is not within the statute, would introduce a new exception.
The plaintiff relies on the case of Cleveland v. Farley, 4 Cowen 439, in which Spencer J. affirms, “that in cases founded on a new and original consideration, of benefit to the defendant or harm to the plaintiff, moving to the party making the promise, either from the plaintiff or the original debtor, the subsisting liability of the original debtor is no objection to the recovery.” The proposition amounts to this, that a promise to pay the debt of a third person, if supported by a new and sufficient consideration, need not be in writing, and does not come short of dispensing with the statute altogether. The dictum, unless supported by the case, carries with it no authority beyond that of the Judge who pronounced it. The case was, that the defendant, in consideration that one Moon had sold and delivered to him hay, exceeding in value the plaintiff’s demand, promised to pay Moon’s note to the plaintiff. Elwood v. Monk, 5 Wend. 235, is a similar case—one Johannes Monk had delivered to the defendant property to the value of $500, to pay the plaintiff and other creditors of Johannes Monk their several demands. The promise by the defendant to the plaintiff to pay his debt was proved, which amounted to $300. It was held not to be within the statute. These cases seem to be in conflict with Simpson v. Patton, 4 J. R. 222, and Jackson v. Bagner, 12 J. R. 291; and certainly are directly so, if Cleveland v. Farley can only be supported by the dictum of Justice Spencer. In these two cases, the defendant, in consideration of the delivery of property to him by the plaintiff’s debtor, promised the plaintiff to pay the debt; and it was held that the promise was within the statute, because the original debt subsisted. These and other conflicting cases may be reconciled by the rule which Leigh, in his nisi prius, 1031, has deduced from some of the English decisions, that if the promise be founded on a new and distinct consideration, co-extensive therewith, and moving not to the third parly, but to the party making the promise, it is not within the statute. This rule may support such promises, though not written, on the grounds assumed in Williams v. Loper, that the payment of money or the delivery of goods to the defendant, *8 by the original debtor, may be regarded as payment to him for the plaintiff; and the promise of the defendant be rested on his liability to the plaintiff for money had and received to his use. But it is not necessary that the rule in Cleveland v. Farley, or the qualification of it suggested, should be decided on. It is sufficient to say, that the case has no resemblance to this.
The motion is refused.