SARAH MELLEN, Administratrix, *vs.* SHILOMETH S. WHIPPLE,

On a promise made to the vendor by the purchaser of an equity of redemption, to assume
and cancel the mortgage on the premises, with the note for which it was given, no
action lies by the mortgagee.

ACTION OF CONTRACT, brought by the administratrix of Michael
Mellen, on the 20th of December 1851. The declaration avers
that "the defendant is indebted to the plaintiff for the following
cause of action: On the first day of June 1844, one John M.
Rollins, for a good and sufficient consideration, made and deliv-
ered to Charles Ellis and John M. Mayo (then partners under
the firm of Ellis & Mayo) his note for the sum of five hundred
dollars, payable to said Ellis & Mayo or order in three years
from date, with interest thereon at the rate of six per cent. per
annum, payable semi-annually; and also made to said payees,
to hold to themselves, their heirs and assigns, as security for the

27*

payment of said note, a mortgage deed of the same date, of a certain lot of land situated at the corner of Curve Street and Harrison Avenue in Boston, and more particularly described in said deeds. Said John M. Rollins afterwards, to wit, on the eighth day of April 1845, by his deed of that date, conveyed the equity of redemption of said estate to Shilometh S. Whipple, the defendant; and said deed contained the following clause: ' The said granted premises are subject to a mortgage for $500 with interest; said interest payable semi-annually; which mortgage, with the note for which it was given, the said Whipple is to assume and cancel.' Said Whipple accepted said deed, entered upon the said estate, and paid the interest on said note to the said mortgagees and their assigns to the first day of June 1848; and said Michael Mellen, the plaintiff's intestate, in his lifetime became, by regular assignment, transfer, indorsement and delivery, for valuable consideration, possessed of said mortgage and the note for five hundred dollars secured thereby; and said Whipple became by law indebted to said intestate in the amount of said note; and said Michael Mellen has since deceased, and the plaintiff was duly appointed administratrix of his estate; and the said Whipple is now justly indebted to the plaintiff for the amount of said note of $500 and interest thereon from the said first day of June 1848; and promised the plaintiff to pay the same; yet, though often requested, has not paid the same." To this declaration the defendant demurs, " and alleges and assigns for cause of this demurrer, that the declaration does not sufficiently set forth any legal cause of action."

*Joel P. Bishop*, for the defendant. 1. The liability of the defendant, if any, is a chose in action, due originally to Ellis & Mayo, on which Mellen cannot sue.

2. No promise in fact was ever made by the defendant, either to the plaintiff or to her intestate; nor is any pretended; nor, if there was, is it so set out in the declaration as to avail the plaintiff.

3. Assuming that the note given to Ellis & Mayo, the note mentioned in the deed to the defendant, and the note which is the foundation of this action, were one and the same note, and

that Mellen held it and the mortgage when the defendant took his deed, still the plaintiff cannot recover. The principle on which a third person is permitted to recover, on a promise made by the defendant for his benefit, in cases where, like the present, no part of the consideration proceeded from him, is, that there is some property or thing in the hands of the defendant, which is the consideration of the .promise, held by .the defendant as a trust, or a fund, upon which the plaintiff has an equitable claim. Unless there be something to which such equitable claim can attach, he cannot recover, though the promise is made on some other good consideration, as between the immediate parties to it. When the third party does recover, it is not strictly upon the express promise, but, in the language of this court, in *Brewer* v. *Dyer,* 7 Cush. 340, " upon the broader and more satisfactory basis, that the law, operating on the act of the parties," (or the trust fund,) " creates the duty, establishes the privity, and implies the promise." *Crow* v. *Rogers,* 1 Stra. 592, and cases cited. *Starkey* v. *Mill,* Style, 296. *Thompson* v. *Gordon,* 3 Strob. 196. Chit. Con. (8th Amer. ed.) 53 – 57, and cases cited. Addison on Con. 244 – 251, and cases cited. 1 Parsons on Con. 388 – 390, *&* notes. 1 Smith Lead. Cas. 70. *Sailly* v. *Cleveland,* 10 Wend. 156. *Treat* v. *Stanton,* 14 Conn. 445. *Warren* v. *Batchelder,* 15 N. H. 129. *Owings* v. *Owings,* 1 Harr. & Gill, 484, 488. *Ramsdale* v. *Horton,* 3 Barr, 330. *Edmunson* v. *Penny,* 1 Barr, 334. *Beers* v. *Robinson,* 9 Barr, 229. This view is in entire harmony with the Massachusetts cases. *Brewer* v. *Dyer,* 7 Cush. 337. *Carnegie* v. *Morrison,* 2 Met. 381, and cases there cited. *Pike* v. *Brown,* 7 Cush. 133. *Felch* v. *Taylor,* 13 Pick. 133. In the case at bar, there is no fund on which Mellen could have any claim, except under his mortgage. *Atkins* v. *Sawyer,* 1 Pick. 351, 355. The law will never create a promise, except when required to answer the ends of justice and equity. Here neither justice nor equity requires it. 2 Kent Com. (6th ed.) 450. 20 Amer. Jurist, 5, 12. The language of the deed, rightly construed, implies only a promise of indemnity to Rollins. Rollins could not sue upon it, until he had paid off and discharged the mortgage; and the rights of Mellen cannot extend farther.

*Tweddell* v. *Tweddell*, 2 Bro. C. C. 101, 152. *Woods* v. *Huntingford*, 3 Ves. 128. *Butler* v. *Butler*, 5 Ves. 534.

*E. F. Head*, for the plaintiff. The acceptance of a deed by the grantee, and entry upon the land, constitute a promise on his part to perform whatever is provided in the deed for him to do. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Guild* v. *Leonard*, 18 Pick. 511. *Fletcher* v. *M'Farlane*, 12 Mass. 43. *Newell* v. *Hill*, 2 Met. 180. *Pike* v. *Brown*, 7 Cush. 133. On a promise not under seal, made by A. to B., for a good consideration, to pay B.'s debt to C., C. may sue A. 1 Chit. Pl. (6th Amer. ed.) 5. *Arnold* v. *Lyman*, 17 Mass. 400. *Hall* v. *Marston*, 17 Mass. 575. *Felch* v. *Taylor*, 13 Pick. 133. *Carnegie* v. *Morrison*, 2 Met. 401. *Felton* v. *Dickinson*, 10 Mass. 287. *Brewer* v. *Dyer*, 7 Cush. 337. " To make the defendant liable, no consideration need move as between him and the present plaintiff." 7 Cush. 340. The promise in this case is broad enough, in its terms, to enable the plaintiff to sue upon it. The words are " to assume and cancel the mortgage and note," without naming any particular party to whom the promise is made. The English authorities hold that a third person, not being a party to the consideration or the contract, cannot sue. But in this country the course of decisions has been the other way. See 1 Parsons on Con. 390. If it be necessary, as the defendant contends, in order to support this action, that there should be a fund in the hands of the defendant, the estate received by the defendant is a fund, and receiving the estate is the consideration on which the law implies the promise. The promise in a deed accepted by the grantee is implied by law, and therefore is not within the statute of frauds. *Pike* v. *Brown*, 7 Cush. 133. *Goodwin* v. *Gilbert*, 9 Mass. 510.

METCALF, J. According to the decisions in *Goodwin* v. *Gilbert*, 9 Mass. 510, *Pike* v. *Brown*, 7 Cush. 133. and some intermediate cases, the declaration now before us snows an agreement between Rollins and the defendant, for the non-performance of which Rollins might maintain an action. The question raised by this demurrer is, whether an action for the non-performance of that agreement can be maintained by the plaintiff.

The counsel for the plaintiff, in his brief, puts the case upon this ground: "On a promise not under seal, made by A. to B., for a good consideration, to pay B.'s debt to C., C. may sue A." Lord Holt, in *Yard* v. *Eland*, 1 Ld. Raym. 368, and Buller, J. in *Marchington* v. *Vernon*, 1 Bos. & Pul. 101, *note*, used nearly the same language; and it has been transferred into various text books, as if it were a general rule of law. But it is no more true, as a general rule, than another maxim, often found in the books, to wit, that a moral obligation is a sufficient consideration to support an express promise. Both maxims require great modification; because each expresses rather an exception to a general rule, than the rule itself. And the needed modification of the latter maxim has been authoritatively made, and is now well understood. 3 Bos. & Pul. 249, *note*. *Mills* v. *Wyman*, 3 Pick. 207. *Smith* v. *Ware*, 13 Johns. 259. 2 Greenl. Ev. § 107. But the limitations of the maxim on which the plaintiff relies are not so clearly established. By the recent decisions of the English courts, its operation is restricted within narrower limits than formerly; and the general rule, to which it is an exception, is now more strictly enforced. That general rule is, and always has been, that a plaintiff, in an action on a simple contract, must be the person from whom the consideration of the contract actually moved, and that a stranger to the consideration cannot sue on the contract. The rule is sometimes thus expressed: There must be a privity of contract between the plaintiff and defendant, in order to render the defendant liable to an action, by the plaintiff, on the contract. *Crow* v. *Rogers*, 1 Stra. 592. *Ross* v. *Milne*, 12 Leigh, 204. *Morrison* v. *Beckey*, 6 Watts, 349. 1 Selw. N. P. (11th ed.) 49. The cases which form exceptions to this rule are included in the maxim on which the plaintiff attempts to support this action. We shall not undertake to classify all these exceptions which are found in the English and American decisions. It will be sufficient for the determination of this case, to mention three distinct classes, which comprise all the cases on this point, that have been decided in this commonwealth, and relied on by the plaintiff's counsel, in argument.

1. Indebitatus assumpsit for money had and received can be maintained, in various instances, where there is no actual privity of contract between the plaintiff and defendant, and where the consideration does not move from the plaintiff. In some actions of this kind a recovery has been had, where the promise was to a third person for the benefit of the plaintiff; such action being an equitable one, that can be supported by showing that the defendant has in his hands money which, in equity and good conscience, belongs to the plaintiff, without showing a direct consideration moving from him, or a privity of contract between him and the defendant.

Most of the cases in this first class, are those in which A. has put money or property into B.'s hands as a fund from which A.'s creditors are to be paid, and B. has promised, either expressly, or by implication from his acceptance of the money or property without objection to the terms on which it was delivered to him, to pay such creditors. In such cases, the creditors have maintained actions against the holder of the fund. *Disborn* v. *Denaby*, 1 D'Anv. Ab. 64. *Starkey* v. *Mill*, Style, 296. *Ellwood* v. *Monk*, 5 Wend. 235. *Delaware & Hudson Canal Co.* v. *Westchester County Bank*, 4 Denio, 97. *Fleming* v. *Alter*, 7 S. & R. 295. *Beers* v. *Robinson*, 9 Barr, 229. The cases in Massachusetts, which clearly fall into this class, are *Arnold* v. *Lyman*, 17 Mass. 400, recognized in *Fitch* v. *Chandler*, 4 Cush. 255; *Hall* v. *Marston*, 17 Mass. 575; and *Felch* v. *Taylor*, 13 Pick. 133. On close examination, the case of *Carnegie & another* v. *Morrison & another*, 2 Met. 381, will be found to belong to the same class. The chief justice there said: " Bradford was indebted to the plaintiffs, and was desirous of paying them. He had funds, either in cash or credit, with the defendants, and entered into a contract with them to pay a sum of money for him to the plaintiffs. And upon the faith of that undertaking he forbore to adopt other measures to pay the plaintiffs' debt."

By the recent English decisions, however, one to whom money is transmitted, to be paid to a third person, is not liable to an action by that person, unless he has expressly agreed to pay him. And such was the opinion of Spencer, J. in *Weston* v

*Barker*, 12 Johns. 282.    See the English cases collected in 1 Archb. N. P. (Amer. ed. 1848) 121 – 125.

2. Cases where promises have been made to a father or uncle, for the benefit of a child or nephew, form a second class, in which the person for whose benefit the promise was made has maintained an action for the breach of it.    The nearness of the relation between the promisee and him for whose benefit the promise was made, has been sometimes assigned as a reason for these decisions.    And though different opinions, both as to the correctness of the decisions, and as to this reason for them, have often been expressed by English judges, yet the decisions themselves have never been overruled, but are still regarded as settled law.    *Dutton* v. *Pool,* 1 Vent. 318, is a familiarly known case of this kind, in which the defendant promised a father, who was about to fell timber for the purpose of raising a portion for his daughter, that if he would forbear to fell it, the defendant would pay the daughter £1,000.    The daughter maintained an action on this promise.    Several like decisions had been previously made.    *Rookwood's case,* Cro. Eliz. 164.    *Oldham* v. *Bateman,* 1 Rol. Ab. 31.    *Provender* v. *Wood,* Hetl. 30.    *Thomas's case,* Style, 461.    *Bell* v. *Chaplain,* Hardr. 321.    These cases support the decision of this court in *Felton* v. *Dickinson,* 10 Mass. 287.

3. The last case in this commonwealth, which was cited in support of the present action, is *Brewer* v. *Dyer,* 7 Cush. 337. In that case, the defendant gave to the lessee of a shop a written promise to take the lease and pay to the lessor the rent, with the taxes, according to the terms of the lease.   The defendant entered into possession of the shop, with the knowledge of the lessor, and paid the rent to him, for a year, and then left the shop.    And it was decided that he was liable to the lessor for the subsequently accruing rent, and for the taxes, on his promise to the lessee.

Very clearly, the case at bar is not within either of these classes of decisions.    The defendant has no money which, in equity and good conscience, belongs to the plaintiff.    No funds of Rollins's, either in money, property or credit, have been put

into the defendant's hands for the purpose of meeting the plaintiff's claim on Rollins. The sale of the equity of redemption to the defendant did not lessen the plaintiff's security for the mortgage debt which Rollins owed her intestate; for that equity could not have been taken towards payment of that debt. *Atkins v. Sawyer*, 1 Pick. 351. There was no nearness of relation between Rollins and the plaintiff's intestate. Nor has the defendant had the use and occupation of the land of the plaintiff or of her intestate, under a promise, or under any legal liability, to pay rent for it.

The plaintiff's claim is not supported by any known decision of any court. It must therefore fall under the general rule of law already stated, and not within any exception to that rule. See 2 Walford on Parties, 1143, 1144; Hammond on Parties, 6 – 15. There was no privity of contract between the plaintiff's intestate and the defendant, nor did the consideration of the defendant's promise move from her intestate. Rollins sold only an equity of redemption to the defendant, leaving the estate in fee in the mortgagee. The stipulation in the deed of the equity, that the defendant should pay the mortgage notes, was a matter exclusively between the two parties to that deed, and is nothing more than the law would require of the defendant, in order that he might derive any benefit from his purchase of the equity. The plaintiff still has the estate, and also Rollins's personal responsibility, to secure the mortgage debt.

We have not deemed it necessary or useful to examine the doctrine on which the plaintiff relies, any further than was required for the purpose of showing that neither the authorities cited by him, nor any others that we can find, sustain this action. And we have not inquired whether there is a difference, in the application of that doctrine, between an express promise by the defendant to Rollins, to pay the mortgage notes, and a promise by implication from the defendant's acceptance of the deed conveying the equity; but we have proceeded on an assumption that there is no such difference.

The declaration closes with an averment that the defendant became by law indebted to the plaintiff's intestate, in the

amount of the note for five hundred dollars, "and promised the plaintiff to pay the same." If this is to be taken, on demurrer, to be an express promise to the plaintiff, still it cannot help the case, because it was void for want of consideration.

*Demurrer sustained.*