By the Court. Bosworth, J.
The complaint states, and the referee finds, that for about eleven years prior to the transaction in question, either S. Mettler alone, or the firms of which, during that period, he was a member, received, from time to time, produce from John Mettler, upon an agreement between him and S. Mettler, or the firms of which the latter was a member, that John Mettler might draw against such consignments, and that S. Mettler, or his firms, should accept and pay, and reimburse themselves out of the proceeds of the property so consigned.
*397 That was the relation existing, between the defendants and John Mettler, when the latter drew and the plaintiffs discounted the bill in question, and when the special promise, found by the referee, was made.
The produce which John Mettler threatened to stop, and withhold from the defendants, was allowed, in consequence of the special promise, found by the referee to have been made, to go' into the defendants’ hands under that previous and subsisting arrangement, and on the terms of that arrangement only, except in so far as that arrangement was modified by the special promise itself.
The referee does not find, that the produce and other property was bought, by the defendants, of John Mettler, or that they agreed upon its value, or upon any price at which it was to be accounted for. The fact that John Mettler was, as a part of the transaction, to confess a judgment to the defendants, so as to bind his real estate, imports, that such judgment was to be confessed as a security for such sum as he might then owe them, or for such liabilities as they had incurred, or might incur, for him, or both.
It is, therefore, quite clear, as, we think, that the facts found establish, that the defendants did not purchase, of John Mettler, the grain which was sent forward, or the canal barges, or the other personal property which he trnsferred to them. Their promise to him to settle, and pay to the plaintiffs, the bill in question, was not a promise to pay the whole or a part of the price of property which they had bought.
Was it a promise to apply the proceeds of the property transferred, in consideration of such transfer, by paying such proceeds to the plaintiffs in satisfaction of such bill ? The referee’s finding does not state the promise in this form. If such,could be deemed to be its effect, or meaning, it is not found that the property transferred was, in value, equal to the amount of the bill in question, nor is it found that they had, or could have, realized enough from the property to pay it.
To take the case out of the statute of frauds, the verbal promise of a third person, made to a debtor of the plaintiffs, to pay to the latter a debt which the promisee owes them, must find its consideration in a purchase of property from the promisee, so that the amount which is promised to be paid, is to be paid in discharge of the proper debt of the promisor, or the transaction and *398 promise must be such, that, making the promised payment to the plaintiffs, as creditors of the promisee, will operate, incidentally, as a satisfaction of the debt of the latter, and, primarily, as payment of the debt of the promisor. (Jackson v. Raynor, 12 J. R. 291; Farley v. Cleveland, 4 Cowen, 432; S. C. in error, 9 Id. 639; Ellwood v. Monk, 5 Wend. 235; Johnson v. Gilbert, 4 Hill, 178; Barker v. Bucklin, 2 Denio, 60.)
When the promisor has received from the plaintiffs’ debtor property of the latter, upon an agreement to sell it, and pay the proceeds to the plaintiffs, in satisfaction of a debt which the promisee owes them,, the plaintiffs may sue on such promise, and recover the amount of the proceeds, if they shall have been informed of, and shall have assented to the arrangement prior to the receipt of the proceeds by the promisee. (Seaman v. Whitney, 24 Wend. 260.)
But, as already remarked, no such fact is found to exist in this case.
This case, as the facts found present it, is one in which the defendants claimed, at the time of the promise, to be creditors of John Mettler. The referee has not found whether they were or not. The testimony is uncontradicted, that they were then under liabilities for John Mettler to the amount of at least $25,000. One of the instruments of transfer, purports to be made in consideration of the indebtedness of John Mettler, by reason of advances and acceptances made by the defendants for him, and authorizes the proceeds of the property, so transferred, to be applied to satisfy the advances thus made, and the liabilities incurred, by reason of such acceptances.
Hence, the defendants were anxious to obtain a judgment against John Mettler, by confession, as well as a transfer of the canal barges and of his other personal property, and to receive his produce to be sold and applied, under the arrangement then subsisting between them.
To obtain these securities they promise him, that they will settle and pay the debt in question to the plaintiffs. It is a promise to him to pay a debt he was owing to the plaintiffs. It was not a promise to satisfy a debt owing by themselves, by making payment of it to the plaintiffs, instead of John Mettler.
It was, therefore, strictly and literally a promise to pay the debt *399 of another. Conceding the consideration to be sufficient, the agreement was not in writing.
To make a promise of one person to pay the debt of another valid, it must not only be in writing, but must also, in all cases, be founded upon a sufficient consideration.
It is not enough, to take such a verbal promise out of the statute, that it is founded upon some consideration of value recéived by the defendant: for, in all cases, in which the creditor is not a party to the contract, the consideration must consist of something beneficial to the promisor, or of damage, to which the promisee submits.
I do not think there is any such established distinction as that, if the consideration consists of harm to the promisee, (the one owing the debt to be paid,) the agreement, to be valid, must be in writing, but need not be, if it consists of something beneficial to, and received by the promisor, no matter what such consideration may be.
In the latter case, to render the promise valid when not in writing, it must be founded upon a consideration, and arise out of a transaction, by the terms, or by force of which, the promisor becomes substantially the debtor, of the promisee, in respect of the sum, and to the amount which he thus agrees to pay, so that making payment according to the terms of the promise will be a satisfaction of his own debt, or the discharge of an obligation resting upon him as a principal. When the promise places the promisor in the position of a surety for the debt of his promisee, the case falls clearly within the statute, and the agreement is void. (Barker v. Bucklin, supra; Brown v. Curtis, 2 Coms. 225 ; Brewster v. Silence, 4 Seld. 207.)
Payment by the defendants to the plaintiffs, of the bill in question, would make the former creditors of John Mettler for the amount paid. Hé would be obliged, (if able,) to refund it, if the property transferred should prove insufficient to pay any part of it, after satisfying their other liabilities for him.
In our opinion, on the facts as found, the promise which the referee holds to have been established, is a promise to pay the debt of John Mettler, and is void, because the promise and the consideration of it are not contained in a written agreement, signed by the defendants.
*400 • H we did not regard this view as free from reasonable doubt, we should consider it the duty of the Court to reverse the judgl ment, set aside the report, vacate the order of reference, and order a new trial, on the ground that the evidence does not warrant the finding that “ the defendants agreed to settle and pay this draft to the plaintiffs,” absolutely and unconditionally.
. John Mettler’s deposition is the only evidence which can be claimed to establish the fact as found. To the eighth direct interrogatory he says, “ I then turned over the grain to the defendants, in consideration of their promise to settle with said plaintiffs and my other creditors.” “ The defendants agreed to have the drafts settled, with other creditors, if,” etc.
To the ninth, he says, “ I turned over the grain on condition that the defendants would settle with the plaintiffs for the amount of said draft and my other creditors.”
The answer to the tenth adds nothing. These answers show as strongly, that the defendants assumed and agreed to pay all the debts of John Mettler, as that owing to the plaintiff.
The answers, to the" cross-interrogatories, recall every thing contained in the answers to the direct, tending to show an unconditional promise to pay; vide answers to the fifth and sixth cross interrogatories. “ It was the understanding that the defendants should pay themselves, first, out of the property, and then apply the balance in payment or compromise with my other creditors.” This transaction was on the 23d of April, 1852. The transfers were made on the 27th, 28th and 29th of April, 1852.
The only promise which this evidence authorized the referee to find, was a promise to convert the property, and, after applying the proceeds, to pay, first, the amount due to the defendants, and satisfy their liabilities for John Mettler; and next, apply the balance to pay, or in compromising with his other creditors.
If, therefore, the defendants would run any serious risk of being ultimately held liable, upon the facts as found, to pay the draft in question, the judgment should be reversed and a new trial granted, because the fact of the promise being made as stated, is wholly unwarranted by the evidence.
• But we cannot doubt that the promise is one to pay the debt of another, and, not being in writing, is void. The defendants have not appealed from the judgment, and are not strictly in a position *401 to insist that the facts are erroneously found. They have not appealed, and therefore have not placed themselves in a position to have a review, upon the evidence, of the conclusions of fact.
We think the judgment should be affirmed, on the ground that the facts as found create no legal liability on the part of the defendants to pay to the plaintiffs the bill or draft in question.
Judgment affirmed.