By the court—Hogeboom, Justice.
There can be no doubt of the result to which considerations of justice and equity between the parties would lead us in this case, and I think it can be reached ivithout violence to the statute of frauds, or to any authoritative adjudications upon its provisions.
1. I regard it as a fair inference from all the evidence, and one which for purposes of justice we ought to adopt, that the defendant was either interested in the cattle as part owner or consignee, or in the profits expected to be realized from their sale. In either event, he had a sufficient motive for his conduct, and a pecuniary interest in procuring a discharge of the plaintiff’s lien. There was, therefore, an abundant consideration both of benefit to the promissor, and harm to the promissee, for the promise by the defendant to the plaintiffs, which induced the practical surrender of their lien. (Leonard agt. *560 Vredenburgh, 8 Johns. 31; Farley agt. Cleveland, 4 Cow. 423 ; 2 Parsons on Contracts, 305.)
2. Again; I regard the transaction as an original one between the .parties, and not a collateral undertaking to answer for the debt of another. The plaintiffs relied upon the property for their security. If they had a debtor they did not know who he was. The defendant or a third person, wanted to get the property. It was delivered upon the defendant’s order at his request and upon his promise. It matters not whether it went immediately into his own hands or the hands of another. It was practically a delivery to him. Such third person must be regarded as his agent to receive it. (Elwood agt. Moak, 5 Wend. 235; Wyman agt. Smith, 2 Sand. 331.)
3. Again; the defendant is subsequently found in the possession of the property or a considerable portion of it, and making sale of it. His title to it or to its possession may possibly have been acquired subsequent to the removal of the „ cattle from the cars, but it is a more probable presumption that it was previous. He has in his own hands the proceeds of sale, and for the express purpose of satisfying this debt, and of discharging what was, I think, as to him a primary and original liability. The receipt of the money for the purpose indicated, is regarded by the learned judge who tried the cause in the court below, as sufficient to have turned the scale in favor of the plaintiffs, provided the pleadings had been so framed as to present such a cause of action. But the question at the trial did not turn on the pleadings; no objection was made to the testimony ; nor to the form of the complaint. If there had been, the defect, if any existed, would doubtless have been remedied on the spot. The cause was tried on its merits, and should be so decided. Technical objections to defeat justice should not be encouraged, and should never be listened to, unless promptly made and distinctly presented.
I am of opinion that the judgment of the circuit should be reversed and a new trial granted, with costs to abide the event.