Seaman *v.* Hasbrouck.

[ALBANY GENERAL TERM, September 2, 1861. *Wright, Gould* and *Hogeboom,* Justices.]

SEAMAN, Receiver &c. *vs.* SARAH HASBROUCK.

> 35   151
> 86h  26

Parol evidence is admissible, to show for what consideration, and in what manner, a grantee agreed to pay for the land conveyed to her by deed.

A parol promise of a party, to whom a conveyance of lands is made for the purpose, to pay (in addition to certain debts owing by the grantor, to such party,) specified debts of the grantor owing to third persons, is valid and obligatory upon the promissor without the concurrence or consent of the creditors being given to the arrangement, and without any suspension or extinguishment of the claims of those creditors, as against the original debtor.

In such a case the purchase money may be regarded as a *fund* intended directly for the benefit of the specified creditors of the grantor; and they have such an interest in the appropriation of the fund, that they can bring an action in their own names, to recover their debts of the grantee.   And this is so, whether they knew of the arrangement at the time, or subsequently assented to it, or required it to be done at any future period.

Such creditors may make their election to avail themselves of the benefit of the agreement at any time before the lawful appropriation of the fund elsewhere.

If the grantee has already paid the debts of the grantor, so agreed to be paid by her as a part of the purchase money, that will be a good defense to an action brought against her by other creditors of the grantor, to recover the balance claimed to be due on account of the purchase money.

APPEAL from a judgment entered on the report of a referee.    The action was brought by the plaintiff, as receiver of Aaron Hasbrouck, appointed in proceedings sup-

plementary to execution, at the suit of Russell, Dart and others, judgment creditors of said Hasbrouck. The object of the action was to recover of the defendant a balance of $719.67 claimed to be due from her on account of the purchase money of a farm bought by her of Aaron Hasbrouck. The defense was, that at the time of the sale of the land to the defendant, Aaron Hasbrouck was indebted to Jeremiah Russell, J. W. Hasbrouck and various other persons, in the sum of $3500, and that the defendant then paid for the said Aaron Hasbrouck, on account of said indebtedness, the sum of $2280.33, as part of the purchase price of the land, and agreed with the said Aaron Hasbrouck to pay the balance of the purchase price of the land, being the sum of $719.67, to the said J. W. Hasbrouck, to whom the said Aaron Hasbrouck still was indebted in the sum of $500, and to various other persons having demands against the said Aaron Hasbrouck, amounting to more than the purchase price of the land. That in pursuance of said agreement made with Aaron Hasbrouck, and before the order mentioned and set forth in the plaintiff's complaint on proceedings supplementary to execution was served on her, the defendant had paid a part of the said balance of the purchase price on the indebtedness of the said Aaron Hasbrouck, and assumed and bound herself to pay the remainder, amounting in all to more than the sum of $3000, the purchase price of the land aforesaid. And that she, the defendant, was not, at the time the said order was granted and proceedings had upon the same as mentioned and set forth in the complaint, indebted to the said Aaron Hasbrouck in any amount for the purchase price of the land aforesaid; but that the said Aaron Hasbrouck was then indebted to her in the sum of $300, for money which she had paid and bound herself to pay for him on the purchase of the land.

The referee found the following facts: That on the 8th day of January, 1859, Aaron Hasbrouck was largely indebted to various individuals, and in insolvent circumstances; that at that time his principal property consisted of a farm of land

situate in the town of Saugerties, Ulster county, containing about 120 acres; that on that day he sold and conveyed his farm to his sister, Sarah Hasbrouck, the defendant, for the consideration of $3000. At the time of the conveyance, a statement was made of certain moneys due from Aaron Hasbrouck to the defendant, including some incumbrances upon the property, amounting in all to $2280.33, which was to be credited on and paid out of the purchase price, and leaving a balance due upon the purchase money of $719.67. It was then, at the time of the conveyance, understood that Sarah Hasbrouck was to pay certain other debts out of the balance of such purchase money as far as it would go; that such debts were as follows:

| | |
|---|---:|
| George Waters, amount due on note, | $131 12 |
| Elizabeth Myer, " " | 101 78 |
| Jacob W. Hasbrouck, amount due on two notes, | 549 00 |
| James Mower, amount due for labor, | 117 88 |
| | $899 78 |

That these demands have all since been paid by the defendant, either in cash or by the substitution of her own notes, a part of which demands were thus paid before, but a considerable portion thereof not until after the commencement of this suit. The referee therefore found that the defendant purchased the farm for a full and valuable consideration, and had paid the purchase money therefor in full. As a question of law, he found and decided, that the defendant was entitled to judgment in her favor against the plaintiff with costs, and judgment was entered accordingly.

*P. Cantine,* for the appellant.

*H. Winans,* for the respondent.

HOGEBOOM, J. Parol testimony was probably admitted to show what debts of Aaron Hasbrouck the defendant agreed to pay; in other words, for what consideration, and in what

manner, the defendant agreed to pay for the farm conveyed to her by her brother. This agreement was not in writing; nor was there any other memorandum in writing signed by the parties, or recognized by them as containing a true statement of the consideration, or a complete statement of the debts. I see nothing in the admission of this testimony which infringes the rule that parol evidence is inadmissible to contradict or explain a written instrument.

The real and only important question in the case is, whether the agreement of the defendant was void for want of consideration, or as being within the statute of frauds. And it presents the question whether a parol promise of a party, to whom a conveyance of lands is made for the purpose, to pay (in addition to certain debts owing by the grantor to such party) certain debts of the grantor owing to third persons, is valid and obligatory upon the promissor, without the concurrence or consent of the creditors being given to the arrangement, and without, so far as appears, any suspension or extinguishment of the claims of those creditors, as against the original debtor.

1. It is of course clear that if the payments were made at the time of the transaction, whether made directly to the grantor, or, by his direction, to his creditors, no question could arise in regard to it. Nor could any arise if such payments were subsequently made by the grantee of the lands, in accordance with the agreement made at the time, between the grantor and the grantee, before the rights of any third persons intervened.

2. If the payments were not in fact made, but only agreed to be made at a future time, by an agreement in writing made concurrently with the conveyance of the land, such an agreement, as between the parties thereto, would certainly be a lawful agreement and founded upon a legal and valid consideration.

3. Such an agreement in regard to the application of the purchase money, I apprehend, the grantor would not have a

right to revoke or alter without the consent of the other contracting party, simply because the agreement when made was a valid and lawful one, and obligatory upon both parties.

4. Nor would it vary the case, in my opinion, that the consent of the creditors to such a mode of paying their debts was not obtained, nor that their debts were not extinguished. The contract still remains a legal and valid one between the parties thereto.

5. The agreement may also be by *parol*. It is not within the statute of frauds ; for it is not an agreement to answer for the debt, default or miscarriage of another party, but an agreement to pay the promissor's own debt, then contracted, (for the purchase of the lands,) in a particular way agreeable to his creditor, the grantor, to wit, by paying certain debts which the grantor owed to third persons. It is only a particular mode of paying the money, and for aught that I see, it may as well be paid in that way, as in paying debts owing by the grantor to the grantee then due or thereafter to fall due. (*Brown* v. *Curtiss*, 2 *Comst.* 225. *Cardell* v. *McNiel*, 21 *N. Y. R.* 336. *Mallory* v. *Gillett*, *Id.* 412, 419, 423. *Nelson* v. *Boynton*, 3 *Metc.* 396–400. *Farley* v. *Cleveland*, 4 *Cowen*, 432, 439. *Elwood* v. *Monk*, 5 *Wend.* 235. *Meech* v. *Smith*, 7 *id.* 315. *Barker* v. *Bucklin*, 2 *Den.* 45. *Hale* v. *Boardman*, 27 *Barb.* 82.)

6. I think also, in this case, that the creditors of Aaron Hasbrouck had such an interest in the appropriation of the fund in question, to wit, the purchase money of the farm, that they could bring an action in their own names to recover their debts of the defendant ; and that this is so, whether they knew of this arrangement at the time, or subsequently assented to it, or required it to be done at any future period.

The purchase money may, I think, be regarded as a *fund* intended directly for the benefit of the specified creditors of Aaron Hasbrouck ; in which case the principle has been held to apply, (*Felton* v. *Dickinson*, 10 *Mass. Rep.* 189 ; *Berly* v. *Taylor*, 5 *Hill*, 577 ; *Gold* v. *Phillips*, 10 *John.* 412 ;

*Skelton* v. *Brewster*, 8 *id.* 376 ; *Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268 ;) or the promise as made upon sufficient consideration for the benefit of the creditors themselves, or to them through the grantor of the lands as their agent; in which event the right of the creditor to maintain the action has been frequently successfully asserted. (*Lawrence* v. *Fox*, 20 *N. Y. Rep.* 268, 275. *Farley* v. *Cleveland*, 4 *Cowen*, 432. *Schermerhorn* v. *Vanderheyden*, 1 *John.* 140. *Gold* v. *Phillips*, 10 *id.* 412. *Barker* v. *Bucklin*, 2 *Den.* 45. *Delaware and Hudson Canal Co.* v. *Westchester Co. Bank*, 4 *id.* 97.)

7. The subject is an interesting one, but not necessary to be further pursued. The doctrines here considered are discussed in these various aspects in two leading and very recent cases in the court of appeals. (*Mallory* v. *Gillett*, 21 *N. Y. Rep.* 412 ; and *Lawrence* v. *Fox*, 20 *id.* 268.)

I think it very clear that the agreement need not be in writing. It is therefore a lawful one. I think the weight of authority is in favor of the proposition that it may be enforced by the creditors for whose benefit the purchase money is appropriated ; and that they may make their election to avail themselves of the benefit of the agreement at any time before the lawful application of the fund elsewhere. And that it is not competent for the grantor of the lands to revoke or countermand the appropriation when once made under a valid agreement between him and the grantee.

The result is that the judgment of the circuit court, entered on the report of the referee, should be affirmed.

GOULD, J. The referee finds as a fact, that at the time of the sale of the farm, by Aaron Hasbrouck to Sarah, she agreed to pay certain debts of Aaron which made up the full price of the farm. And as there is sufficient evidence to support this finding, we cannot set it aside. This being so, the facts so found make the legal conclusion of the referee inevitable. There being a schedule of items which made up a

part of the price of the farm, with a written agreement that they were to go towards the price of the farm, was no legal reason why the further items might not make up the balance of that price. The proof could not be said to contradict the writing, or to be inconsistent with it. Though, had it been so, the schedule was not such a paper that it might not have been both explained and contradicted.

The judgment entered on the report of the referee should be affirmed.

WRIGHT, J. concurred.

Judgment affirmed.

[ALBANY GENERAL TERM, September 2, 1861. *Wright, Gould* and *Hogeboom,* Justices.]