BENJAMIN BARKER, Respondent, v. SAMUEL H. BRADLEY and others, Executors, &c., of SAMUEL W. BRADLEY, deceased, Appellants.

A verbal promise to pay the debt of a third person to the plaintiff, made by the defendant upon good consideration moving from such person, will support an action by the plaintiff against the defendant, although the former was not a party to the agreement and it was made without his knowledge.

Parol evidence of a verbal agreement is competent, although contracts or other instruments in writing have been executed in pursuance of such agreement and by way of partial performance thereof.

Where each of the parties executes and delivers to the other a memorandum, containing, among other things, a recital of the receipt of " one dollar in full of all demands," and these taken together express a contract between the parties, but without mention of any other consideration, such recitals are not conclusive as to the true consideration, and may be explained by parol.

(Argued by the respondent March 23d, 1870; decided June 21st, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court, in the eighth district, affirming a judgment of the Special Term, entered upon the report of a referee appointed by the surrogate of Cattaraugus county.

Prior to December, 1861, the plaintiff, Anthony Fay, David Harrower and the defendant's testator, Samuel W. Bradley, were copartners under the firm name of "The Luna Lumber Company;" and in the month of December, the firm failed, and all its property went into the possession of Benj. Chamberlain, who was a large creditor of the firm. The precise

terms upon which Chamberlain took the property do not appear; but he took it either in trust for all the creditors or in trust to pay himself as a creditor of the firm. In 1862, the testator and Chamberlain entered into an agreement, whereby on or before September 3, 1864, Chamberlain agreed to account with the testator in reference to all the property, and agreed to transfer all of the same to the testator upon payment to him of all his claims upon it. In the fall of 1864 the testator, desiring a release from the plaintiff of all his interest in the property, arranged with Chamberlain to procure it for him. Chamberlain then went to the plaintiff and agreed by parol to pay him $2,000 for his interest in the property, and to indemnify him against the debts of the Luna Lumber Company thereafter. To carry out this agreement, the plaintiff executed and delivered to Chamberlain the following instrument:

"Received, East Randolph, February 4, 1865, of B. Chamberlain, one dollar in full of all demands, also in full of all demands against the Luna Lumber Company, and all the members thereof, which demands I assign to B. Chamberlain without recourse to me.

"BENJAMIN BARKER."

And Chamberlain executed and delivered to the plaintiff the following instrument:

"Received, East Randolph, February 4, 1865, of Benjamin Barker one dollar in full of all demands; and I am to clear him of all liability on account of the Luna Lumber Company, together with all notes and papers taken up against said company by me.

"B. CHAMBERLAIN."

The $2,000 was not paid at the time these instruments were executed. In February, 1865, Chamberlain and the testator had a settlement in reference to the property that had been transferred to him, and Chamberlain had charged him the $2,000 on his account. In consideration that Chamberlain would strike it out of his account and not bring it into their settlement, he promised that he would pay the $2,000 to the

plaintiff. In 1867, Chamberlain and the testator had another settlement in reference to the property, and the testator again promised that he would pay the plaintiff. This last settlement was a final settlement; and all the property, amounting in value to $250,000, was then transferred to the testator. The testator died in November, 1867, leaving a last will and testament, and the above named defendants were appointed his executors. The plaintiff presented his claim for the $2,000 to the executors, and they disputed it; and, then, with the approval of the surrogate, it was referred, and upon the trial the foregoing facts substantially appeared before the referee. He reported in favor of the plaintiff, for the $2,000 and interest. His report was confirmed at Special Term of the Supreme Court, and judgment was entered upon the report. From this judgment, the defendants appealed to the General Term of the Supreme Court, and the judgment was affirmed, and the defendants then appealed to this court.

*Cary & Bolles*, for the appellants.

*A. G. Rice*, for the respondent, on the point that the plaintiff could recover upon the promise, cited *Barker* v. *Bucklin* (2 Den., 45); *Farley* v. *Cleveland* (4 Cow., 432; 9 Cow., 639); *Arnold* v. *Lyman* (17 Mass., 400); *Cabot* v. *Haskins* (3 Pick., 91); *Crocker* v. *Higgins* (7 Conn., 347); *Del. & Hud. Canal Co.* v. *Westchester Co. Bank* (4 Den., 97); *Burr* v. *Beers* (24 N. Y., 178); *Lawrence* v. *Fox* (20 N. Y., 268); *Schemerhorn* v. *Vanderheyden* (1 John., 140); *Auburn City Bank* v. *Leonard* (40 Barb., 119); *Judson* v. *Gray* (17 How. Pr., 289).

That the agreement could be proved by parol, notwithstanding the writings executed in part performance, he cited *Renard* v. *Sampson* (12 N. Y., 561); *Wentworth* v. *Buhler* (3 E. D. Smith, 305); *Hutchins* v. *Hubbard* (34 N. Y., 24); 1 Greenl. Evi., § 284a; *Thomas* v. *Dickinson* (2 Kern., 364); *Bowen* v. *Bell* (20 John., 340); *Johnson* v. *Hathorn* (3 Keys, 126); 4 Wash. C. C. R., 289; 3 Ell. & B., 307; 25 Wend., 417.

EARL, Ch. J. While the evidence in this case is not as satisfactory as could be wished, yet, under the rules applicable to appeals in this court, it must be considered as established that, in the fall of 1864, Benjamin Chamberlain agreed to pay the plaintiff $2,000 for his interest in the property of the "Luna Lumber Company," and that subsequently the testator, Samuel W. Bradley, upon a consideration passing betwen him and Chamberlain, promised to pay the $2,000 to the plaintiff. Upon such a state of facts, I think there can be no doubt of the plaintiff's right to recover. (*Barker* v. *Bucklin*, 2 Denio, 45 ; *Lawrence* v. *Fox*, 20 N. Y., 268 ; *Judson* v. *Gray*, 17 How. Pr., 289). Upon the trial, it was claimed by the defendants, that the agreement between the plaintiff and Chamberlain was reduced to writing in the two instruments dated February 4, 1865 ; and, as nothing was said in these instrument about the payment of the $2,000, that it was incompetent for the plaintiff to prove by oral evidence the parol agreement to pay it, and they objected to such evidence. The referee overruled the objection and received the evidence, and the defendants excepted. In this I cannot perceive that the referee committed any error. The general rule is not controverted that parol evidence is inadmissible to vary, explain or contradict a written agreement. Where the parties have reduced an agreement to writing, the writing is supposed to contain all the agreement, and is the only evidence of it ; and all prior or contemporaneous declarations and negotiations between the parties are excluded as evidence of the agreement, or any part of it. But here the agreement was not reduced to writing. It was intended by the parties to rest in parol, and the written instruments were subsequently executed in part execution of the parol agreement, and not for the purpose of putting that agreement in writing. It is well settled, that a written instrument, thus executed, does not supersede a prior parol agreement. (*Renard* v. *Sampson*, 12 N. Y., 561 ; *Thomas* v. *Dickinson*, 2 Kernan, 364 ; *Hutchins* v. *Hubbard*, 34 N. Y., 24 ; *Bowen* v. *Bell*, 20 John., 340 ; *Johnson* v. *Hathorn*, 3 Keys, 126 ;

*McCullough* v. *Girard*, 4 Wash. C. C. R., 289 ; *Mowatt* v.
*Ld. Londesborough*, 3 Ellis. & B., 307.)  It is clear that the
nominal consideration of one dollar was inserted in each
instrument, not for the purpose of expressing the true con-
sideration, but merely to make the instrument operative ;
and the agreement to pay the true consideration was left in
parol.  But if these said instruments had been executed at
the time of the parol agreement, and are to be regarded as
containing the agreement between the parties in the sense
claimed by the defendants, yet neither party would be con-
cluded by the consideration expressed.  In reference to all
instruments, acknowledging the receipt of a consideration,
in the form contained in these instruments, it is now well
settled, that it is competent by parol to show that no consid-
eration was in fact paid or received, or that the consideration
was greater or less than, or different from, the one expressed.
This may be done for every purpose, except to impeach or
destroy the instrument.  The amount. or kind of considera-
tion is not considered an essential part of the contract, and
is open to contradiction or explanation, like a common
receipt.  (*Frink* v. *Green*, 5 Barb., 456 ; *Bingham* v. *Weider-
wax*, 1 N. Y., 509 ; *Murray* v. *Smith*, 1 Duer, 412 ; *McCrea*
v. *Purmort*, 16 Wend., 460.)  Within these cases, no rule
of law was violated by the admission of the parol evidence,
to show that Chamberlain agreed to pay the plaintiff $2,000,
instead of the one dollar, the receipt of which was acknowl-
edged.

I therefore, reach the conclusion, that the judgment should
be affirmed.

INGALLS, J.  The Luna Lumber Company, a partnership,
firm consisting of the plaintiff, Anthony Fay, David Har-
rower, and the testator, Samuel W. Bradley, failed, and the
property of the firm passed into the hands of Benjamin Cham-
berlain, who was a creditor of the firm.  Chamberlain applied
to the plaintiff to release his interest in the property, and
offered to pay the plaintiff $2,000 and indemnify him against

liability for the debts of the company; which offer was accepted by the plaintiff, and the following instruments were executed by the parties respectively:

" Received, East Randolph, February 4, 1865, of B. Chamberlain, one dollar in full of all demands; also, in full of all demands against the Luna Lumber Company, and all the members thereof, which demands I assign to B. Chamberlain without recourse to me.

" BENJAMIN BARKER."

[5 cent Revenue stamp affixed and canceled.]

" Received, East Randolph, February 4, 1865, of Benjamin Barker one dollar in full of all demands, and I am to clear him of all liability on account of the Luna Lumber Company, together with all notes and papers taken up against said company by me.

" B. CHAMBERLAIN."

[U. S. stamp canceled.]

The $2,000 was not paid. In 1867 a final settlement was made between Chamberlain and Samuel W. Bradley, and the property of the company, to the value of about $250,000, held by Chamberlain, as the evidence pretty clearly shows, as the agent of Bradley, or in some other capacity for his benefit, was transferred by Chamberlain to Bradley; and at the time of such transfer the claim of Barker for the $2000 was discussed, and Chamberlain proposed to retain it out of the fund, but Bradley declined to have it retained by Chamberlain and promised to pay the same to Barker. Such was, in substance, the arrangement. I perceive no substantial reason why Bradley did not render himself liable to Barker for the $2,000. If Chamberlain acted as the agent of Bradley in making the arrangement with Barker, the unqualified recognition of his acts by Bradley, at the time of the transfer of the property to him, amounted to a ratification of the acts of Chamberlain and rendered Bradley clearly liable. If, on the other hand, Chamberlain was not to be regarded as the agent of Bradley, then the latter became liable to pay Barker in consequence of receiving of Chamberlain the property, coupled

Statement of case.

with a promise on the part of Bradley to pay Barker the money. The effect of such transaction was to create a cause of action in favor of Barker against Bradley for the money which Chamberlain placed in his hands for the benefit of Barker, and which Bradley agreed to pay to Barker. (*Burr* v. *Beers*, 24 N. Y., 178; *Lawrence* v. *Fox*, 20 N. Y., 268; *Barker* v. *Bucklin*, 2 Denio, 45; *Judson* v. *Gray*, 17 Howard, 289; *Farley* v. *Cleveland*, 9 Cowen, 639.) The defendants are in no situation to insist that the $2,000 cannot be recovered, because not evidenced by a written instrument executed at the time the papers were exchanged between Chamberlain and Barker, for the reason that the promise of Bradley was subsequent to the execution of such papers, and was founded upon a good consideration passing to Bradley. The judgment should be affirmed with costs.

All concur for affirmance, except Sutherland, J.

Judgment affirmed.