SETH R. JOHNSON *against* EDWIN D. MORGAN.

(Decided February 7th, 1876.)

Defendant made a contract with certain third parties, by which he agreed to purchase of them the bonds of a certain railroad at a fixed price, which said con tract also contained a proviso that all holders of said bonds, who had registered them, &c., should have the option of accepting the same price and terms upon which the sale and purchase of the bonds sold to the defendant was made. Plaintiff being the holder of some of such registered bonds, notified defendant of his election to sell them at the contract price, and tendered the bonds.  Defendant refused to accept or pay for them.  In an action to recover damages for such refusal : *Held*, that the plaintiff had no rights under the contract, and could not avail himself of its provisions as being a holder of registered bonds.

EXCEPTIONS ordered to be heard in the first instance at general term, to a dismissal of the complaint on a trial before Mr. Justice JOSEPH F. DALY and a jury.

The facts shown by the plaintiff in his complaint and on the trial were, that he was the holder of three of the bonds of the Texas & New Orleans Railroad, and that the bondholders had been foreclosing a mortgage on the road, and a receiver had been appointed to take possession of the road.   Certain bankers in New York city, to wit, Charles Moran, Charles Congreve & Son, and J. S. Kennedy & Co., represented a large number of the bonds.   On August 11th, 1870, the defendant entered into a contract with these gentlemen, by which they agreed to sell and he agreed to purchase the bonds of the Texas & New Orleans Railroad Co., to wit, the first mortgage land grant bonds, at fifty per cent., one-third cash on the first of September, 1870, and the other two-thirds at three and six months.

The defendant agreed also to pay certain obligations of the receiver of the road, and the expenses of the suit for foreclosure and all the claims against the holders of the bonds by reason of the suit.

The contract also contained this provision, under which the plaintiff's claim in suit was founded :

" And it is further agreed and understood that all holders of said first mortgage land grant bonds who have, under the terms of said decree of foreclosure registered their first mortgage land grant bonds, shall have the option of accepting the same price and terms upon which the sale and purchase of the bonds hereby sold to the said party of the first part is made."

At the time this contract was made the plaintiff was the owner and holder of three of the described bonds, two of which he had registered on the 15th day of June, 1870. On August 19th, 1870, J. S. Kennedy & Co. wrote to the plaintiff a letter stating that, acting for the majority interest in the Texas & New Orleans Railroad land grant bonds, they had concluded an arrangement for the sale of those securities.  *  *  And that they had reserved the right to put in the bonds of those who had registered, at the same price and on the same terms, and " you can avail yourselves of the offer by paying the *pro rata* share of the expenses covering our actual disbursements on account of the mutual interest, amounting to $3 per $1,000 bond and five per cent. commission on the net amount."

The plaintiff having received a copy of the agreement made with the defendant, refused to pay this commission of five per cent. to J. S. Kennedy & Co., and on the 1st of September, 1870, tendered the bonds to the defendant and demanded the contract price; which tender and payment was rejected and refused; whereupon this suit was brought to recover damages therefor, which were laid at $1,500.

On the trial, when the evidence for both parties was closed, the defendant moved to dismiss the complaint upon the grounds: 1st. Because no cause of action was established against the defendant. 2d. That he is not a party or privy to the agreement, and no consideration moved from him or any other person to defendant to support the cause of action. 3d. That no consideration passed from defendant to plaintiff, and that the agreement contains no obligation on the part of the defendant to purchase bonds from the plaintiff.

Upon deciding this motion the court said :  " My impression is that no cause of action has been established.

" I do not see any privity between the plaintiff and defendant,

Johnson v. Morgan.

or between the plaintiff and Moran, Kennedy & Co. and Congreve & Son. Nor is there any obligation or liability on the part of Moran, Kennedy & Co. and Congreve to the plaintiff to support a promise of Morgan to pay the plaintiff. There is no consideration passing from Moran, Kennedy & Co. or Congreve & Son to the defendant to sustain a promise to purchase plaintiff's bonds. The agreement between those parties and defendant is simply a contract on the part of defendant to buy bonds of them, and the contract on their part to sell the bonds to him at a certain price. There is no evidence whatever that the last clause of the contract was intended as an offer from defendant to the bondholders generally, which upon acceptance by them would constitute a contract between such bondholders and the defendant; the fact appearing that defendant did not communicate this offer to the plaintiff, but that it was first brought to his notice by Congreve; and it is not shown that such communication was made by the authority or with the knowledge of defendant. The letter of acceptance sent by plaintiff to defendant, on September 1st, was therefore uncalled for by any act of defendant, was not written in pursuance of any offer or proposition of defendant to plaintiff, and does not make any contract between them.

"As to the claim that the agreement between defendant and Moran, Kennedy & Co. and Congreve was made on behalf of the bondholders generally, there is no evidence that Moran, Kennedy & Co. and Congreve & Son acted as plaintiff's agents in making this contract. The signatures of those parties to the contract are followed by figures which it is conceded express the number of bonds represented or controlled by them. There is no evidence that plaintiff's bonds were of the number. There were still a large number of bondholders, being those mentioned in the last clause of the agreement, not represented by the parties to the agreement. If the contract was made by Moran, Kennedy & Co. and Congreve as agents of these parties, such general clause would not be necessary.

"With these views I will have to dismiss the complaint."

The court thereupon dismissed the complaint, and ordered the plaintiff's exceptions to be heard at general term in the first instance.

*Wm. G. Lathrop*, for plaintiff, argued that the plaintiff could avail himself of all the stipulations in the contract made with the defendant by Moran and his associates, and cited *Lawrence* v. *Fox* (20 N.Y. 268); *Turk* v. *Ridge* (41 Id. 201); *Burr* v. *Beers* (24 Id. 178); *Burrell* v. *Root* (40 Id. 496); *Barker* v. *Bradley's Ex'rs* (42 Id. 316); *Glen* v. *Hope Mutual Ins. Co.* (50 Id. 379); *Cooley* v. *Howe Sewing Mach. Co.* (53 Id. 620).

*Joseph F. Choate*, for defendant.

LARREMORE, J.—On the 11th of August, 1870, one Chas. Moran, together with the firms of Congreve & Son and J. S. Kennedy & Co., agreed to sell, and the defendant agreed to purchase the first mortgage land grant bonds of the Texas & New Orleans Railroad Co. upon certain terms and conditions. It was also understood and agreed between said parties that all holders of said bonds, duly registered, should have the option of accepting the same price and terms provided for in said agreement.

On September 1st, 1870, plaintiff, as the holder of three of such bonds, notified defendant that he (plaintiff) had exercised his option, as secured by said agreement. This was followed by a tender of said bonds, and a demand of payment thereof at the price stipulated in said agreement, which was refused. Plaintiff then sued for the recovery of the value of said bonds as stipulated. The complaint was dismissed on the trial, and the exceptions taken were ordered to be heard at the general term.

It is difficult to perceive upon what ground plaintiff's claim rests. He was not a party to the original agreement, nor has he become such by novation or assignment.

The defendant obligated himself to purchase these bonds in a particular manner. Morgan, Congreve & Son, and Kennedy & Co. agreed to sell the bonds of said company, and defendant agreed to purchase from them. He made no covenant or promised to pay any person other than those named in the agreement, and for whose benefit it was made. Moran and his asso-

ciates had incurred liabilities and advanced moneys for said company, which the sale of its bonds was intended to liquidate.

This case is not within the ruling of *Lawrence* v. *Fox* (20 N. Y. 268). There it was held by a divided court that the defendant, having expressly promised to pay the sum loaned him by a third party, to the plaintiff, the latter could maintain an action for the recovery of such sum, because such promise was made directly for his benefit. To the same effect is *Barker* v. *Bradley* (42 N. Y. 316), where there was an express promise by the defendant to pay the note (in dispute) to the plaintiff (see *Turk* v. *Ridge*, 41 N. Y. 206).

The option reserved to the bondholders generally by defendant's agreement created no such privity of contract on their part or liability on his as would sustain this action. The exceptions are therefore overruled, and judgment ordered for a dismissal of the complaint.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Ordered accordingly.