JOHN J. MAY, DANIEL C. HOLDER, GEORGE T. STOD-
DARD AND SAMUEL MAY, JR., PLAINTIFFS, *v.* THE
NATIONAL BANK OF MALONE, DEFENDANT.

*Statute of frauds — promise to pay money to third person — revocation of.*

The firm of Townsend & Hyde, being indebted to the plaintiffs upon a promissory note, then overdue, sent to the defendant an indorsed promissory note, with a request to discount the same, and pay the note due to the plaintiffs from the proceeds thereof. Defendant's cashier, on the tenth of March, wrote to the plaintiffs asking them to forward their note, and promising to pay it, and on the same day wrote to Townsend & Hyde that they had done so. At 1 P. M. on the thirteenth, the plaintiff mailed their note to the cashier of the defendant, and at 5.16 P. M. of the same day Townsend & Hyde telegraphed him not to pay the note. *Held*, that the contract of the defendant to pay the debt due to the plaintiffs was valid, and was not affected by the subsequent directions of Townsend & Hyde not to pay it.

CONTROVERSY submitted without action, under section 372 of the Code.

On the 20th day of October, 1875, the firm of Townsend & Hyde, being indebted to the above named plaintiffs, composing the firm of May & Co., in the sum of $2,743.78, made and delivered to said May & Co. their promissory note in writing for that amount.

On the 23d day of February, 1876, said May & Co.'s note for $2,743.78 became due and payable at said National Bank of Malone,

and was presented thereat by the National Hide and Leather Bank of Boston for payment on that day, which was refused ; whereupon the said note was protested and returned to said bank by George Hawkins, the cashier of the defendant, by mail, with notice of protest attached thereto.

On the 6th of March, 1876, Townsend & Hyde wrote to said George Hawkins as follows :

" *George Hawkins, Esq.* :

"DEAR SIR. — We send by this mail our note to Mr. A. White, for him to indorse and hand to you, for $2,879.

" We want you to discount it for us to pay the May & Co. note, due February twenty-third, which amounts to $2,777.40, and interest from the twenty-third day of February, and hand Mr. White the notes we sent you, $3,000, for him to hold as collateral.

\* &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

" It will be a very great accommodation to us if you will discount this note and send draft to May & Co. for the note due them February 23, 1876.

"Very truly yours.

"TOWNSEND & HYDE."

On the 8th day of March, 1876, said Abram S. White presented said note at said National Bank of Malone, and, after he had indorsed the same, delivered it to said George Hawkins, to be discounted by said bank to pay said May & Co.'s note.

That thereafter, on the 10th of March, 1876, a communication was forwarded by said George Hawkins to said May & Co., at Boston, as follows :

" *Messrs. May & Co.* :

"Forward to me the past due note of Townsend & Hyde, and I will pay it.

" GEORGE HAWKINS,

" *Cashier.*"

That on the same day a communication was forwarded by said George Hawkins to said Townsend & Hyde, at Cortland, aforesaid, as follows :

" *Messrs. Townsend & Hyde :*

   " DEAR SIRS. — Your favor of the —— is received.

\*      \*      \*      \*      \*      \*      \*      \*      \*

   " I have written to May & Co. to return your note to me for payment.   We having done as requested in yours of the sixth.

" Yours, etc.

" GEORGE HAWKINS,

" *Cashier.*"

In obedience to the directions contained in the said communications of said George Hawkins, on the 13th day of March, 1876, at 1 o'clock in the afternoon, that being the same day upon which said communication from said George Hawkins was received by said May & Co., they returned said protested note of $2.743.78 of said Townsend & Hyde to said National Bank of Malone, by depositing the same in the post-office at Boston, addressed to George Hawkins, cashier of said National Bank of Malone, postage paid, with the following letter of instructions :

" BOSTON, *March* 13, 1876.

" *George Hawkins, Esq., Cashier National Bank of Malone :*

   " DEAR SIR. — In obedience to your pc. of tenth March, we inclose note Townsend & Hyde, $2,743.78, and interest from 20th October, 1875.   Protest fees $1.14, for which please send us check on New York or Boston, and oblige.

" Yours truly.

" MAY & CO."

On the said 13th day of March, 1876, at seven and a-half o'clock in the evening, and after the closing of said National Bank of Malone for that day, but before said protested note, sent by May & Co., as aforesaid, had reached said bank in return, a telegram, sent by said Townsend & Hyde, from Cortland, N. Y., at 5.16 o'clock of the afternoon of that day, was delivered to the said Hawkins, addressed to him, which read as follows :

" CORTLAND, N. Y., *March* 13, 1876.

" *To George Hawkins, Cashier, Malone :*

   " Do not pay the May note.   I will be at home to-morrow.

(Signed.)        " W. H. HYDE."

And on the 15th day of March, 1876, said Townsend & Hyde personally instructed said Hawkins not to pay said May & Co.'s note.

That thereafter, and on the 16th day of March, 1876, payment of said note was again refused at said National Bank of Malone, and the same was returned to said May & Co., and said note still remains unpaid, and is held and owned by said May & Co.

That said note of $2,879, made by said Townsend & Hyde, and indorsed by said Abram S. White, and by him delivered to said National Bank of Malone to pay the aforesaid May & Co.'s note of $2,743.78, still remains in the possession of said bank, and that no entries in relation thereto have ever been made in the books thereof. And that on the 23d day of February, 1876, said Townsend & Hyde were and still are insolvent.

*S. A. Beaman,* for the plaintiffs.

*Gilbert, Badger & Wead,* for the defendant.

BOARDMAN, J. :

If the contract of defendant could be considered as governed by the statute of frauds, it would still be good and binding. It is in writing, and signed by the party to be charged. The signature by the cashier of the defendant is sufficient under this statute. (*Dykers* v. *Townsend,* 24 N. Y., 57.) There was an adequate consideration, and it was unnecessary to express it in the contract. (Laws of 1863, chap. 464, p. 802.)

But the contract was not within the statute of frauds. It was an original undertaking by the defendant, founded upon an adequate consideration moving from Townsend & Hyde to it, to pay the debt of Townsend & Hyde to the plaintiffs. The proceeds of the note discounted by defendant for Townsend & Hyde were held for plaintiff — were put in defendant's hand to pay plaintiff with, and defendant had assumed and promised to pay such debt therewith. The discounting of the note is admitted by defendant. This takes the case out of the statute of frauds. The distinction between original and collateral promises is fully considered and explained in the following leading cases in this State : *Leonard* v. *Vredenburg* (8 Johns., 39), and *Mallory* v. *Gillett* (21 N. Y., 412). From the distinctions therein pointed out, it is apparent that this is an original undertaking, and can be enforced by the plaintiffs.

Many of the cases cited and commented upon by the learned judges in those cases are applicable here. I shall cite but one or two. In *Barker* v. *Bucklin* (2 Denio, 45), it is held that an action may be maintained on a promise made by the defendant to a third person for the benefit of the plaintiff, upon a consideration moving from such third person to the defendant, and without any consideration moving from the plaintiff. So in *Lawrence* v. *Fox* (20 N. Y., 268), it is held that an action lies on a promise, made by the defendant, upon valid consideration, to a third person for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. Such promise is to be deemed made to the plaintiff if adopted by him, though he was not a party nor cognizant of it when made. (See also, *Barker* v. *Bradley*, 42 N. Y., 316.)

In the present case Townsend & Hyde had put the defendant in funds to pay plaintiff's debt, requesting it to pay the same. The defendant acknowledges to Townsend & Hyde that it had done as requested, and had sent for the note to be returned for payment. It had, also, in consideration of such provisions made, promised the plaintiffs to pay their debt upon the note being returned to defendant; but, upon its return, refused to do so at the instance of Townsend & Hyde.

I think the means, derived by the bank from Townsend & Hyde's note discounted by it, were put there for the payment of plaintiffs' debt, and upon a mutual understanding between the bank and Townsend & Hyde, to which each agreed, that plaintiff's debt should be paid therefrom. By such act the liability of the defendant was fixed. The bank, however, is still in possession of the note discounted, and of the funds derived therefrom. It will not be the loser if compelled to pay. The assets of Townsend & Hyde will pay the debt.

For the reasons given, I think judgment should be ordered for the plaintiffs against the defendant for $2,743.78, with interest thereon from February 23, 1876, with costs, as provided by section 373 of the Code.

LEARNED, P. J., concurs. BOCKES, J., dissents.

Judgment ordered for plaintiff for $2,743.78, and interest from February 23, 1876.