ERVING TAINTOR, RESPONDENT, v. ISAAC D. HEMMINGWAY AND CHARLES D. HEMMINGWAY, APPELLANTS.

*Verbal agreement to assume mortgage, not inserted in deed — when enforceable.*

Where, at the time of conveying land, it is orally agreed that the grantee shall assume and pay a mortgage for the payment of which the grantor is liable, the latter may, if subsequently compelled to pay it, recover the amount so paid from the grantee, though the conveyance contains no agreement on the part of the grantee to assume the mortgage, but is only made subject to it.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury. The action was brought to recover the amount, paid by the plaintiff, of a deficiency arising upon the foreclosure of a mortgage upon lands, one-fourth of which was sold to the defendants by the plaintiff, subject by the terms of the deed, to the said mortgagee. The plaintiff claimed that the defendants, at the time of the sale, had agreed orally to pay one-fourth of the mortgage.

*Warren & Kellogg*, for the appellants. There was no such reference made to the bond and mortgage in the deeds as created any personal liability on the part of the defendants to pay the same. (*Belmont* v. *Comee*, 22 N. Y., 438; *Binsse* v. *Page*, 1 Keyes, 87.) The deeds constituted the contract between the parties and could not be contradicted or varied by parole. (*Hunt* v. *Amidon*, 4 Hill, 345; 1 id., 147; *Duncan* v. *Blair*, 5 Denio, 196; *Miller* v. *Avery*, 2 Barb. Ch., 582; *Benard* v. *Sampson*, 12 N. Y., 561; *Durgen* v. *Ireland*, 14 id., 322.)

*Waters & Knox*, for the respondent. The consideration of a deed may be shown by oral evidence, notwithstanding the recital in the deed. (*Murray* v. *Smith*, 1 Duer, 413; *McCrea* v. *Purmort*, 16 Wend., 460; *Wheeler* v. *Billings*, 38 N. Y., 263; *Murdock* v. *Gilchrist*, 52 id., 242; *Fryer* v. *Rockefeller*, 63 id., 274; *Hebbard* v. *Haughian*, 70 id., 54.) Oral evidence was competent

to show that the defendants agreed to pay plaintiff's one-fourth of the mortgage debt, although that agreement is not recited in the deed to defendants. (*Murray* v. *Smith*, 1 Duer, 413; *Minor* v. *Perry et al.*, 6 How., 208, 212; *Thomas* v. *Dickinson*, 2 Kern., 364; *Sherman* v. *Willett*, 42 N. Y., 146; *Barker* v. *Bradley*, id., 316; *Remmington* v. *Palmer*, 62 id., 31, *Hebbard* v. *Haughian*, 70 id., 54; *Arnot* v. *E. R. R. Company*, 67 id., 321; Thomas on Mortgages, 185.) The oral agreement to pay plaintiff's portion of the mortgage did not merge in the deed. It was an independent contract of itself. (*Remmington* v. *Palmer*, 62 N. Y., 31; *Hope* v. *Baden*, 58 id., 380; *Sherman* v. *Willett*, 42 id., 146; *Wheeler* v. *Billings*, 38 id., 263; *Barker* v. *Bradley*, 42 id., 316; *Lewis* v. *Seabury* [Court of Appeals], 7 Weekly Digest, 359.)

BOARDMAN, J. :

The plaintiff was the owner of an undivided fourth of certain premises, which had been mortgaged by the owners to secure a debt to one Bradley. The defendants owned another undivided fourth of the same premises subject to the mortgage. The plaintiff sold and conveyed his one-fourth to the defendants subject to said mortgage, but the defendants did not by the terms of the conveyance assume or agree to pay the same. Plaintiff's share of the mortgage was deducted from the value of his share of the property — the equity of redemption alone being sold. The transaction between the parties was an exchange of land. The plaintiff claims, and the jury has determined, that at the time when the conveyance was made the defendants, in consideration of the bargains and transfers then made, agreed by parol that they would pay plaintiff's share of the mortgage and save him harmless therefrom. Afterwards the mortgage was foreclosed and the plaintiff was compelled to pay a deficiency. Under such parol agreement the plaintiff now seeks to recover the amount paid, from the defendants. The jury found the existence of the parol contract which was the only question of fact submitted. The defendants appeal from the judgment entered in favor of the plaintiff.

It is not claimed that the language of plaintiff's deed created any personal liability on the part of the defendants to pay the bond and mortgage upon the land. The authorities in that respect may

be found collected in a note to *Collins* v. *Rowe* (1 Abb. New Cases, 97), and note to *Binsse* v. *Paige* (1 Abb. Ct. of App. Dec., 138).

The defendants insist, however, that it was error to allow proof of this parol contract because (1), any cotemporaneous parol contract was merged in the deed; (2) such proofs contradicted and varied the terms of the deed; (3) parol proof can not be allowed to contradict the consideration expressed in the deed.

These positions cannot be maintained. The contract to assume and pay this mortgage was wholly independent of the contract embraced in the deed. The deed was good as far as it went by way of partial performance. The verbal agreement was in addition thereto and in no respect contradictory. It did not vary the terms of the contract as contained in the deed and was not merged therein. (*Barker* v. *Bradley*, 42 N. Y., 316; *Remington* v. *Palmer*, 62 id., 31; *Reed* v. *McCourt*, 41 id., 435; *The Champlain, etc., Co.* v. *Valentine*, 19 Barb., 484.) The consideration of a deed or other contract is always open to inquiry. So it was proper to show that plaintiff's obligation to pay one-quarter of the mortgage entered into and constituted a part of the consideration which the defendants agreed to pay in the transaction. The plaintiff's deed did not express the full consideration which, by virtue of the agreement, the defendants were bound to pay. So far as the value of the property conveyed by plaintiff was incumbered by this mortgage it became assets in the defendants' hands with which to pay the mortgage. So long as the proof of amount of consideration does not destroy the validity of the grant it may be shown. (*Murray* v. *Smith*, 1 Duer, 413, and cases above cited.)

The case of *Murray* v. *Smith* (*supra*) is directly in point and is decisive of this case, holding that the evidence objected to was proper, that the contract was valid, that it did not contradict, impair or vary the terms of the conveyance and was not affected by the statute of frauds. No case has been cited or found questioning that authority.

The judgment might perhaps be sustained upon the authority of *Lawrence* v. *Fox* (20 N. Y., 268) and kindred cases. The claim is that the defendants for a valuable consideration, in the

conveyance of this property to them by the plaintiff, promised and agreed to pay plaintiff's debt upon this mortgage, whereby the defendants became the principal debtors and the plaintiff their surety. Upon this principle the plaintiff would have been entitled to a verdict for a greater amount than was obtained.

But that is a view of the case not specially taken by counsel and not now necessary to be considered.

We conclude that the defendants have no just cause to complain of this judgment and it should be affirmed, with costs. The motion for a new trial upon exceptions appears to have been abandoned.

Judgment affirmed, with costs.

LEARNED, P. J., concurred; FOLLETT, J., not acting.

Judgment affirmed, with costs.