(54 Misc. 363)

## TAYLOR v. ELMIRA STORAGE & SUPPLY CO.

(Supreme Court, Special Term, Chemung County. May 25, 1907.)

EVIDENCE—CONTRACTS—PAROL EVIDENCE OF CONSIDERATION.

Where a written contract gave defendant the exclusive sale in certain territory of goods manufactured by plaintiff, parol evidence was admissible to show that in consideration of the agreement defendant agreed that it would use due effort to sell plaintiff's goods, and would employ its organization, catalogues, salesmen, and other avenues to that end.

Action by Charles V. Taylor against the Elmira Storage & Supply Company. On demurrer to answer. Overruled.

This action was commenced to recover the purchase price of certain vehicles sold and delivered to the defendant at the city of Elmira, N. Y. The value of the property sold amounts to $13,769.33, of which sum defendant has paid $6,635.84, leaving a balance due the plaintiff of $7,153.49. The answer admits the receipt of the goods to the amount and value stated in the complaint, and that no payments have been made thereon, except as stated in the complaint, and that the credit upon which the goods were sold has expired, and that payment has been duly demanded. For a counterclaim to the cause of action set out in the complaint the defendant alleges that on or about the 15th day of August, 1905, the plaintiff and defendant entered into a mutual agreement, which was partly reduced to writing on or about September 26, 1905, and signed by both of the parties; that by such agreement, in consideration of the defendant undertaking and agreeing to sell, through its organization, catalogues, salesmen, and other avenues, the line of vehicles, carriages, and merchandise manufactured and sold by the plaintiff, the defendant was given the exclusive sale of the goods manufactured by the plaintiff in the western part of New York state and certain territory in the state of Pennsylvania. The written paper, signed by the parties, is annexed to and made a part of the complaint. The defendant further alleges that, relying upon said agreement, he advertised the goods manufactured by the plaintiff, undertook the sale of the same, employed salesmen to solicit and obtain orders for the goods manufactured by the plaintiff, and did obtain a large number of orders and incurred a large amount of expense in advertising and preparing for the sale of the goods manufactured by the plaintiff and covered by the agreement. He also alleges that at different times from August 15, 1905, to June 9, 1906, he ordered from the plaintiff 1,103 vehicles, a list and description of which is attached to the complaint and made a part thereof; that of the said vehicles so ordered plaintiff filled the orders of the defendant for 369 vehicles, and neglected and failed to fill the orders for the remaining 734 vehicles; that in the meantime the defendant had obtained orders for the sale of 396 of the vehicles which were so ordered, but not delivered, and the orders which he had thus obtained were canceled because of the failure to fill them, and that he thereby sustained a loss of $3,182.07; that, by reason of the failure of the plaintiff to fill the remaining orders placed with him by the defendant, the defendant sustains loss and damage in the sum of $6,000. To this counterclaim the plaintiff demurs, on the ground that it does not state facts sufficient to constitute a cause of action, and on the ground that it is insufficient in law on the face thereof.

Disney & Danaher, for plaintiff.
Herendeen & Mandeville, for defendant.

COMAN, J. I think it must be conceded that on its face the written contract set forth in the answer is void for want of mutuality or lack of consideration. By its terms the plaintiff agrees to sell and deliver to the defendant the various lines of goods manufactured by him, at the prices stated, during a certain period of time. The contract also provides that the defendant shall have the exclusive sale of the plaintiff's goods in a certain territory, and fixes the terms of payment. This is the length and breadth of the contract. There is no agreement upon the part of the defendant that it will purchase a single article of the plaintiff's manufacture, or that it will pay the plaintiff any money or other consideration, or do any act whatever. Neither do I think it is possible to import into the written contract, from a consideration of its terms alone, any agreement upon the part of the defendant to use its best endeavors to sell the plaintiff's product in the prescribed

territory, to advertise such goods, or to employ salesmen to effect their sale. The fact that the defendant was given the exclusive right to sell the plaintiff's product in a certain territory imposed no obligation upon him to make any sales, to attempt to make sales, or to refrain from handling and selling the products of other manufacturers, if that should be more profitable, or for any reason more desirable. In short, so far as the written contract is concerned, it is nudum pactum and wholly insufficient to support the defendant's counterclaim.

The defendant, however, alleges that the written paper contains only a part of the agreement between the parties, and that the entire agreement which forms the basis of its counterclaim was only partly reduced to writing. While the exact terms of the oral agreement are not set out with all the clearness that is desirable I think that a fair construction of the allegations of the answer is that the defendant did agree with the plaintiff that it would use due effort to sell his products, that it would employ its organization, catalogues, salesmen, and other avenues to that end, and that it was in consideration of such agreement that the plaintiff executed the written contract above referred to. There are further allegations to the effect that the defendant has fully performed all those agreements upon its part and that in doing so it has expended a large amount of money. I suppose that if, under its answer, the defendant is entitled to show that the written contract was executed by the plaintiff upon a good consideration, either of harm to the defendant or of benefit to himself, the contention that the contract is void for want of mutuality must fail. The mere fact that the defendant has not bound himself to purchase any specified quantity of goods does not render the contract void, provided it is supported by some other good consideration, as, for instance, the payment of a sum of money.

And this brings us to the consideration of the real question involved, viz.: Can the defendant be permitted to introduce oral proof to show that the written contract embodies only a part of the agreement between the parties, and that other and essential parts of the agreement were entered into orally and were not reduced to writing. Of course, it is a general rule that oral proof cannot be introduced to contradict or vary the terms of a written instrument; but, as has been clearly pointed out by the Court of Appeals, this rule is subject to two important exceptions. Cooper v. Payne, 186 N. Y. 334, 78 N. E. 1076; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Eighmie v. Taylor, 98 N. Y. 288; Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512. The first exception relates to cases of fraud or mistake, and need not be considered here. The second exception relates to that class of cases which recognize the written instrument, but regard it as incomplete, and admit parol evidence, not to contradict or vary, but to complete, the entire agreement of which the writing was only a part. The matters which are essential to bring a case within this class are very clearly set forth in the opinion of Judge Vann in Thomas v. Scutt, supra, and are: (1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties;

for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument.

Now, applying these rules to the case before us, we find that the writing does not appear upon inspection to be a complete contract; but, on the contrary, it lacks essential elements of such a contract, and it evidently was not designed to express the whole arrangement between the parties. It provides very fully as to the conditions to be performed by the plaintiff, but is silent as to any conditions to be performed by the defendant. As to the second essential referred to by Judge Vann, it is sufficient to say that parol evidence to the effect that the defendant agreed to use its best endeavors to sell the plaintiff's product, and to that end to expend money in advertising it and in sending out salesmen, etc., is not inconsistent with or contradictory of any provision of the writing, but merely supplementary to it. It would seem, therefore, that the facts pleaded bring the case squarely within the second exception referred to, as a case where the reception of parol evidence is proper to complete the entire agreement, of which the written instrument is only a part. It was evidently the intention of the parties that the part of the agreement which related to the conditions to be performed by the defendant should rest in parol, and the written instrument was subsequently executed in part execution of the parol agreement. It is well settled that a written agreement, thus executed, does not supersede a prior parol agreement. Barker v. Bradley, 42 N. Y. 316, 319, 1 Am. Rep. 521, and numerous cases cited.

The only defect in the written contract appears to be the failure to recite the true consideration moving from the defendant to the plaintiff. If it had recited that the consideration was the payment of a sum of money, the receipt of which was acknowledged, the written contract would have been complete, and not subject to criticism. The written contract being silent upon that subject, if it had been alleged in the answer that such consideration was the payment of a sum of money, such allegation would have been unquestionably sufficient to warrant the giving of parol proof upon that question, and the counterclaim would not have been demurrable. In cases where the consideration of a written contract is not expressed at all, or is imperfectly expressed, parol proof is always admissible to show the true consideration; and this is never regarded as a violation of the rule against giving parol proof to contradict or vary the terms of a written instrument. Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041; Barker v. Bradley, 42 N. Y. 316, 1 Am. Rep. 521. It is a common business transaction for one contract to be the consideration for another, and in such cases it has always been held that proof of the contract which is the consideration does not contradict or vary the terms of the other; and where an independent parol agreement has been made as an inducement to a written contract, it is not necessary that the written contract should contain any reference to the parol agreement to authorize proof thereof. 21 Am. & Eng. Enc. of Law (2d Ed.) 1112, citing Playa del Oro Mining Co. v. Gage, 60 App. Div. 1, 69 N. Y. Supp. 702; Andrews

v. Brewster, 124 N. Y. 433, 26 N. E. 1024; Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041; Barker v. Bradley, 42 N. Y. 316.

In this case it happens that the consideration agreed upon by the parties, and subsequently fully performed, was not a sum of money, but an agreement for the performance of services and the expenditure of money in advertising, soliciting trade, etc. I see no reason why any different rule should prevail. In each case the written contract is defective, in that it fails to express the consideration; and there is no more reason in the one case than in the other why parol proof should be admitted to supply the defect.

The demurrer should be overruled, with costs, to be taxed. The plaintiff should have the right to reply within 20 days after notice of entry of interlocutory judgment, upon payment of costs.